UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                          :
                                                                                     : Chapter 11
    TANJU NUREL                                            : Case No.: 8-17-71200-ast
      dba NUREL FARMERS MARKET,           :
                                                                                     :
                     Debtor.              :
---------------------------------------------------------------X

### ORDER GRANTING IN PART MOTION FOR RELIEF
### FROM THE AUTOMATIC STAY

**UPON:** (1) the Notice and Motion filed on March 28, 2017 (the "Motion") by 226 East Montauk Highway Corporation ("Landlord"), by and through its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, seeking an Order: (a) granting relief from and terminating the automatic stay arising under Bankruptcy Code section 362 to permit the Landlord to proceed with its landlord-tenant proceeding against the Debtor in the Southampton Town Justice Court (No. 16100044) and to recover possession of its real property at issue; or as otherwise authorized by the State Court or applicable law; (b) waiving the 14-day stay imposed by Bankruptcy Rule 4001(a)(3); and (c) granting such other and different relief as the Court deems just and proper; (2) the Affidavit of Thomas J. McGowan filed on March 28, 2017, with exhibits annexed thereto; (3) the Opposition filed by the debtor Tanju Nurel (the "Debtor") by and through his counsel, Macco & Stern, LLP, on April 11, 2017, with exhibits annexed thereto; (4) the Landlord's Reply in Further Support of Motion filed on April 13, 2017; and (5) the Reply Affidavit in Further Support of Thomas J. McGowan filed on April 13, 2017, with exhibits annexed thereto; and the Motion having come on for a Hearing on April 19, 2017 (the "Hearing"); and upon the record of the Hearing; and the Landlord having appeared in support of the Motion by its attorney, Thomas J. McGowan, Esq. of Meltzer, Lippe, Goldstein & Breitstone, LLP; and the Debtor having appeared in opposition to

the Motion by his attorney, Cooper Macco, Esq. of Macco & Stern LLP; and the Office of the United States Trustee having appeared by Alfred M. Dimino, Esq.; and upon the record of the Hearing, and after due consideration of all the facts and circumstances herein, it is

**ORDERED,** that the Landlord's Motion is granted in part to the extent that the automatic stay is hereby modified to permit the Landlord to proceed with its landlord-tenant proceeding against the Debtor (No. 16100044) (the "Proceeding") in the Southampton Town Justice Court (the "Justice Court") such that the Justice Court in the Proceeding may liquidate the amount of unpaid rent and additional rent and any other monies due the Landlord up to March 2, 2017 (the date the Debtor filed his bankruptcy petition herein), subject to any defenses that the Debtor may have as to same, if any, and issue a money judgment thereon; and it is further

**ORDERED**, that the Landlord shall not proceed against Debtor seeking a warrant of eviction or judgment of possession against Debtor without further relief from the automatic stay; and it is further

**ORDERED,** that the Debtor shall provide adequate protection payments to the Landlord, by bank or certified checks, as follows: 1) in the amount of $15,201.76 representing payments for March and April 2017 on or before May 5, 2017; 2) in the amount of $7,600.89 representing the payment for May 2017 on or before June 2, 2017; and 3) in the amount of $7,600.89 representing the payment for June 2017 on or before July 7, 2017;  Debtor shall also pay all utilities billed to Debtor or incurred in connection with the premises located at 226 East Montauk Highway, Hampton Bays, New York on or before the due dates of any such utility bills, (individually and collectively, the "Adequate Protection Payments"), with said payments, other than payments due for utilities billed to Debtor or incurred in connection with the premises, to be made payable to and delivered directly to the Landlord at its offices located at 427 East 74th Street, New York, New

York 10021, Attn: Joseph Taormina on or before the dates noted above; in addition, Debtor shall fax or email to the Landlord's counsel, Thomas J. McGowan, Esq. a copy of any utility invoices and a copy of the Debtor's check in payment thereof; and it is further

**ORDERED,** that the Debtor shall deliver an insurance policy complying with all of the terms of the lease by and between the Debtor and the Landlord dated May 11, 2011 (the "Lease") to Thomas J. McGowan, Esq., counsel for the Landlord, and to Alfred M. Dimino, Esq. of the Office of the United States Trustee, on or before April 28, 2017 and to maintain same in full force and effect until further Order of this Court to provide additional adequate protection to the Landlord (the "Insurance Adequate Protection"); and it is further

**ORDERED,** that if the Debtor fails to timely deliver and pay in good funds any of the Adequate Protection Payments on or before the dates noted above or, with respect to utility bills, on or before their due date, or if the Debtor fails to deliver the Insurance Adequate Protection by the date noted above or fails to maintain same in full force and effect, the automatic stay accorded the Debtor shall be vacated in its entirety by an Order entered without a hearing as to the Landlord after the electronic filing of an Affidavit by the Landlord or its counsel attesting to such failure in this case; Debtor shall have three business days to controvert any such affidavit by filing a counter affidavit with evidence of his compliance; and it is further

**ORDERED**, that the remainder of the Motion is adjourned to **June 21, 2017 at 2:30 p.m.**



**Dated: April 27, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**