UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                                   Index No. 17-71200 (AST)

TANJU NUREL,
DBA NUREL FARMES MARKET                       Chapter 11
                         Debtor.
-------------------------------------------------------------X

## ORDER AUTHORIZING THE
## RETENTION OF SPECIAL COUNSEL TO THE DEBTOR

Upon the application (the "Application") of Tanju Nurel, the above-referenced debtor and debtor-in-possession, seeking authorization to retain Sharon L. Silver, Esq. ("Silver") as special counsel to the Debtor for purposes of litigating the non-payment petition in the Southampton Town Justice Court (the "Justice Court"), unpaid rent due under the Leases (the "Unpaid Rent"), less substantial expenses incurred by the Debtor out of pocket (the "Lockout Expenses") entitled *226 East Montauk Highway Corporation v. Tanju Nurel, et al.,* and assigned index number 16-100044; and upon the annexed affidavit of Sharon L. Silver, Esq., dated April 26, 2017; and it appearing that it is necessary for the Debtor to retain such counsel; and it appearing that Silver is a disinterested person pursuant to section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate with respect to the matters on which MACCO & STERN, LLP is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Sharon L. Silver, Esq. as special counsel for the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application

and the Silver Affidavit is hereby approved pursuant to section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the Application Date; and it is further

**ORDERED,** that the compensation to be paid to Silver shall be subject to the approval of this Court upon notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Silver; and it is further

**ORDERED,** that prior to any increases in Silver's rates, Silver shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code §330(a)(3)(F) and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code §330, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the

Application, and the Silver Affidavit, the terms of this Order shall govern.

No Objection:

*s/ Alfred M. Dimino*
Office of the United States Trustee



**Dated: May 22, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**