LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

TELEPHONE: (516) 747-0300

FACSIMILE: (516) 747-0653

INTERNET: www.meltzerlippe.com

May 23, 2017

*Video Conference Facilities*

<u>Via ECF</u>

Honorable Alan S. Trust
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

    Re:    <u>In re Tanju Nurel</u>
            <u>Case No.: 8-17-71200-ast</u>

Dear Judge Trust:

    We are counsel to 226 East Montauk Highway Corporation, the Landlord to the Debtor. We write in response to the Debtor's counsel May 22nd letter that, without citing any law or fact: (i) falsely contends that the Debtor has "fully complied" with this Court's April 27th Order (entered 4/28) when it is undisputed that the insurance policy produced by the Debtor under that Order, *inter alia*, was <u>not</u> issued by a New York insurer <u>as the Lease at issue requires</u> (and thus the April 27th Order mandates the issuance of a further order "without hearing" vacating the automatic stay "in its entirety" as to the Landlord); (ii) falsely contends "upon information and belief" that the Town of Southampton Justice Court lacks "subject matter jurisdiction" to determine the landlord-tenant proceeding pending in that Court between the Landlord and the Debtor notwithstanding the New York statutes that provide otherwise (*see, e.g.,* Uniform Justice Court Act §204); and (iii) untimely requests, in violation of Bankruptcy Rule 9023, that this Court vacate the April 27th Order that was entered on April 28th which was not appealed and is final. This Court, of course, cannot do so since the Debtor did not file a timely motion under Bankruptcy Rule 9023 seeking that relief. *See, e.g., In re 231 Fourth Avenue Lyceum, LLC*, 513 B.R. 25 (Bankr. E.D.N.Y. 2014).

    Bankruptcy Rule 9024 is similarly unavailable to the Debtor (had he made a motion pursuant to it) since the Debtor made no attempt to satisfy any of the grounds for such a motion. *See, e.g., In re Taub,* 421 B.R. 37 (Bankr. E.D.N.Y. 2009). Indeed, none exist. The Debtor's



MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

request is simply a litigation tactic intended to delay as long as possible his eviction from the premises and the building that the Landlord constructed thereon at a cost in excess of $1.7 million while the Debtor fails to provide the insurance required by the Lease. As counsel heard from the landlord –tenant Court last Friday, it is required to conduct a trial at the earliest possible moment in this situation and thus fixed trial for June 2, 2017.

The Landlord respectfully repeats its request that the Court schedule an emergency hearing for the purpose of having the Court issue the Order called for under the terms of the April 27th Order vacating the automatic stay in its entirety so that the Landlord can proceed to obtain the relief as to which it is entitled and long overdue from the landlord-tenant Court.

Very truly yours,

Thomas J. McGowan

TJM:dlf

cc:    Alfred M. Dimino, Esq.
       Cooper Macco, Esq.