**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

       **TANJU NUREL,**

                     Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :x

: **Chapter 11**

: **Case No.: 8-17-71200 (ast)**

: **OPPOSITION TO DEBTOR'S**
: **MOTION TO EXTEND HIS TIME**
: **TO ASSUME OR REJECT LEASE**

STATE OF NEW YORK    )
                    ) ss.:
COUNTY OF NASSAU    )

      THOMAS J. MCGOWAN, being duly sworn, deposes and says:

    1.    I am a member of Meltzer, Lippe, Goldstein & Breitstone, LLP, attorneys for 226 East Montauk Highway Corporation (the "Landlord"). I make the following statements in opposition to the Debtor's Motion for an Order Extending Time to Assume or Reject Unexpired Leases. Docket No. 31.

    2.    The stated grounds for the Debtor's motion is his unsupported and unexplained contention that "[d]ue to complexity of the issues, as evidenced by the Supreme Case[1] and Non-Non-Payment Case, the Debtor submits that one hundred-twenty (120) days is not sufficient time to time to accept or reject the unexpired leases of non-residential real property." Motion at ¶25.

    3.    This unsupported and unexplained contention does not satisfy the Debtor's burden to establish that cause exists for the extension of time he seeks. *See, e.g., In re Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wa. 1997)("Section 365(d)(4) puts the burden on the debtor to show cause for an extension"); *see also In re: Wedtech*, 72 B.R. 464 (Bankr. S.D.N.Y. 1987)(same).

    4.    The Debtor's failure to satisfy his burden of proof alone mandates denial of the Debtor's

---

[1] Reference by the Debtor to the Supreme Court action is inexplicable as a ground for his motion given the fact, well known to both the Debtor and his bankruptcy counsel, that the Debtor's Supreme Court action was dismissed over two months ago. *See* the true copy of Justice Baisley's April 5th decision dismissing that action annexed hereto as Ex. "A".

Debtor's motion.

5.     Debtor may not, under well settled law, attempt to establish that cause exists for the first time in any reply papers. *See, e.g., Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110 (2d Cir. 1999)("new arguments may not be made in a reply brief").

6.     The Debtor's motion must therefore be denied as a matter of law.

7.     Cause does not exist in any event to extend the Debtor's time to assume or reject the lease for non-residential real property between the Debtor and the Landlord.

8.     Factors that Courts review to determine whether "cause" exists to extend a debtor's time to assume or reject a lease are: "(1) the size and complexity of the case; (2) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the fact that the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with its creditors; (7) the amount of time which has elapsed in the case; (8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an unresolved contingency exists." *In re GMG Capital Partners III, L.P.*, 503 B.R. 596 (Bankr. S.D.N.Y. 2014).

9.     The first thing for the Court to note in this regard is that, in order to assume the Lease at issue, the Bankruptcy Code mandates that the Debtor cure his defaults under the terms of the Lease at issue. *See* 11 U.S.C. §365(b)(1).

10.     The Debtor, however, readily admits that he breached the terms of the 2011 Lease at issue by sub-leasing, pre-petition, the leased Premises to TAM-NY, Inc. pursuant to an alleged oral month-to-month lease. Motion at ¶3.

11.     The Lease, in relevant part, <u>expressly</u> precludes the Debtor from assigning or subletting the leasehold without the Landlord's "prior written consent" thereto. *See* Ex. "B" at Article 32.1 ("Lessee may not assign or sublease all or any portion of the Premises without Lessor's prior written consent in each instance").

12.     It is undisputed that <u>no</u> such written consent was ever sought from or granted by the Landlord. No such consent will ever be granted by the Landlord. There thus is no possible "cure"

2

"cure" for this breach and the Debtor, therefore, will never be able to assume the Lease as a matter matter of law.

13.     This too requires the denial of the Debtor's motion.

14.     Moreover, the Lease provides in Article 17.1 thereof that "[t]he failure of Lessor to insist upon the strict performance of any of the terms, covenants, and conditions of this Lease, or to exercise any right or remedy herein contained, shall not be construed as a waiver or relinquishment for the future enforcement of such term, covenant or condition. This agreement may not be changed orally or terminated orally". *See Id.* at Article 17.1.

15.     Hence, should the Debtor attempt to do so in reply, no non-frivolous argument can be made that the requirement for the Landlord to give prior written consent to any alleged sub-lease between the Debtor and TAM-NY, Inc. was "waived" by the Landlord. *See, e.g., Paramount Leasehold, L.P. v. 43rd St. Deli, Inc.*, 136 A.D.3d 563 (1st Dep't 2016)("An agreement in a lease providing that no waiver of a term shall be inferred absent a writing to that effect is enforceable [cites omitted]").

16.     Further, the Court will note that: (i) the Debtor has admitted from the commencement of this case that the entire case is focused on the Landlord and the debt due it; (ii) it is irrefutable that the Landlord's claim approximating $400,000 dwarfs all other unsecured claims; yet (iii) the Debtor has not engaged in any good faith negotiations with the Landlord as to the payment of that claim. Indeed, **the only "negotiation" the Debtor has had with the Landlord was his landlord-tenant attorney's demand that the** **Landlord** **pay the Debtor to leave the subject Premises!** The Landlord summarily rejected this attempt to extort it.

17.     Moreover, without the Landlord's support, which the Debtor will not be receiving, the Debtor cannot propose a feasible plan of reorganization and instead is simply attempting to delay as long as possible his eviction from the Premises under whatever means are necessary. Indeed, the Debtor has not made any progress as far as the Landlord knows towards developing a plan of reorganization.

18.     In short, the Debtor has had ample time in this case where he readily admits his entire entire focus is on the Landlord to decide whether to assume or reject the Lease. Indeed, the Lease is

3

Lease is the only executory contract for non-residential real property that the Debtor has to address. address.

19.     It is also clear that the Debtor is well aware that he does not have the financial ability to assume the Lease and cure a fraction of the approximately $400,000 in pre-petition rent and additional rent due the Landlord that he is required to do in order to assume the Lease; much less pay all of that debt as he is required to do.

20.     The Landlord thus respectfully submits that the Debtor's motion for an extension of time to assume or reject the Lease should be denied in its entirety.

21.     Finally, while the Debtor seeks relief from this Court, it should note that the Debtor has not been forthcoming with this Court or his creditors; including the fact that he apparently retained counsel without notice or Court approval to file a lawsuit post-petition against the United States Citizenship and Immigration Services. *See* Ex. "C" annexed hereto.

WHEREFORE, the Debtor's motion for an extension of time to assume or reject the Lease at issue should be denied in its entirety and the Court should grant such other and further relief as it deems just and proper in the circumstances.

THOMAS J. MCGOWAN

Sworn to before me on the
13th day of June, 2017

NOTARY PUBLIC

VERONICA DeVITO
Notary Public, State of New York
No. 4777066
Qualified in Nassau County
Commission Expires Jan. 31,

4