UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------- x   Chapter 11
In re:                                           :   Case No.: 8-17-71200 (ast)
                                                 :
                                                 :   **OPPOSITION TO DEBTOR'S**
    TANJU NUREL,                                 :   **OBJECTION TO THE PROOF OF**
                                                 :   **CLAIM OF 226 EAST MONTAUK**
                              Debtor.            :   **HIGHWAY CORP.**
------------------------------------------------- :

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

      THOMAS J. McGOWAN, being duly sworn, deposes and says:

1.     I am a member of Meltzer, Lippe, Goldstein & Breitstone, LLP, attorneys for 226 East Montauk Highway Corporation (the "Landlord"). I make the following statements in opposition to the Debtor's Objection to the proof of claim filed by the Landlord herein. Docket No. 58 (the "Objection").

2.     As this Court has noted: "[o]nce a proof of claim has been filed under 11 U.S.C. § 501, it 'is deemed allowed, unless a party in interest objects.' 11 U.S.C. § 502(a). A proof of claim that complies with the provisions of Bankruptcy Rule 3001(f) constitutes *prima facie* evidence of the validity of the claims. FED. R. BANKR. P. 3001(F). The objecting party, in this instance Debtor, bears the burden of setting forth sufficient evidence to rebut the presumption of validity; however, the ultimate burden of proof always lies with the claimant. (cite omitted)". *In re De Feo*, 2015 WL 7754003, (Bankr. E.D.N.Y. Nov. 30, 2015).

3.     Thus, here, the Debtor was obligated to "produce 'evidence equal in force to the *prima facie* case which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* quoting *In re Taranto*, 2012 Bankr. LEXIS 1320 (Bankr. E.D.N.Y. Mar. 27, 2012).

4.     The Debtor has not produced any evidence to refute the Landlord's claim in support of his Objection.

5.     The Debtor's Objection must therefore be denied as a matter of law.

6.     Finally, it is too late, and wholly improper, for the Debtor to attempt to provide such

evidence in reply papers as a "supplement" to his Objection under settled law.

7. It is well settled that "[A]rguments may not be made for the first time in a reply brief." *MPD Accessories B.V. v. Urban Outfitters*, No. 12 Civ. 6501, 2013 WL 7211833, at *2 n.4 (S.D.N.Y. Dec. 17, 2013) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993)).

8. "Nor may entirely new but foreseeable points relevant to a motion be presented in a reply affidavit. . . . Such a procedure is foreign to the spirit and objectives of the Federal Rules of Civil Procedure. *See generally, e.g.*, Fed.R.Civ.P. 1, 12, 26, 56. Were tactics of this type to be permitted, a sur-reply affidavit would be necessary from the adversary, followed by a further supplemental response by the moving party, and so on ad infinitum." *Tetra Techs., Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993); *see also United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 162 (S.D.N.Y. 2015) (collecting cases that arguments made for first time on reply are not properly considered); *In re Beinhauer*, 570 B.R. 128, 134 (Bankr. E.D.N.Y. 2017) at n. 9 citing *In re Jensen*, No. 09-14830 (MG), 2010 WL 424693, at *2 (Bankr. S.D.N.Y. Feb. 3, 2010) (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)); *Int'l Elecs., Inc. v. Media Syndication Global, Inc.*, No. 02 Civ. 4274 LAK, 2002 WL 1897661, at *3 n.2 (S.D.N.Y. Aug. 17, 2002) ("Arguments first advanced in reply memoranda are not properly considered") and *U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02-CV-4182 (CSH), 2006 WL 3146422, at *3 (S.D.N.Y. Oct. 30, 2006)(New arguments raised in reply briefs deny the opposing party an opportunity to properly respond to such arguments).

WHEREFORE, the Debtor's Objection to the proof of claim filed by 226 East Montauk Highway Corp. in this case must therefore be denied in its entirety and the Court should grant such other and further relief as it deems just and proper in the circumstances.

THOMAS J. MCGOWAN

Sworn to before me on the
13th day of September, 2017

NOTARY PUBLIC

RICHARD M. HOWARD
Notary Public, S___ ___ ___ York
No. ___
Qualified in ___ ___ ty
Commission Expires ___ ___ 2, 20_17_

2