**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: Chapter 11
In re:                                              :
                                                    : Case No.: 8-17-71200 (ast)
      **TANJU NUREL,**                       :
                                                    : **OPPOSITION TO DEBTOR'S**
                         Debtor.          : <u>**MOTION TO ASSUME LEASE**</u>
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :x

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NASSAU    )

      THOMAS J. McGOWAN, being duly sworn, deposes and says:

1. I am a member of Meltzer, Lippe, Goldstein & Breitstone, LLP, attorneys for 226 East Montauk Highway Corporation (the "Landlord"). I make the following statements in opposition to the Debtor's Motion for an Order authorizing the Debtor to Assume the commercial lease between the Debtor and the Landlord dated May 11, 2011 (the "Lease"). Docket No. 59 (the "Motion").

2. While the Debtor acknowledges that where, as here, there has been a default in an executory contract or unexpired lease, all of the requirements of 11 U.S.C. § 365(b)(1) must be satisfied before a motion to assume may be granted, he adduced no evidence to attempt to do so. *See* Debtor's Motion at ¶ 20. Docket No. 59-2.

3. It is well settled that the Debtor bears the burden of establishing that <u>all</u> of the requirements of 11 U.S.C. § 365(b)(1) have been satisfied before his motion to assume a lease can be granted. *See, e.g., In re M. Fine Lumber Co., Inc.*, 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008).

4. The Debtor, however, makes <u>no</u> attempt here to establish that the requirements of 11 U.S.C. § 365(b)(1) are satisfied in his Motion and instead states that the "Debtor intends to supplement this motion after the Trial Date with the correct Cure Amount as determined by the

Justice Court."[1] *See* Motion at ¶ 23.

5.  The Debtor, however, makes no attempt to establish that he has the ability to pay the Cure Amount which, for purposes of his Motion as written, must be deemed to be the amount set forth in the Landlord's proof of claim (to wit, $392,031.35) unless and until a different amount is determined by the Town of Southampton Justice Court in the landlord-tenant non-payment proceeding pending therein. The reduction in the amount due the Landlord, however, is unlikely to happen.

6.  Moreover, the establishment of a "Cure Amount" by the Town of Southampton Justice Court sometime in the future mentioned by the Debtor only relates to the first requirement set forth in 11 U.S.C. § 365(b)(1)(A), **and has nothing to do with the additional requirements set forth in 11 U.S.C. §§ 365(b)(1)(B) and (C) that he is also required to satisfy**.

7.  The Debtor, however, made no attempt to adduce any evidence to satisfy the latter two requirements for his Motion to be granted and, in fact, did not even address same.

8.  The Debtor's failure: (A) to establish that he has cured the defaults under the 2011 Lease at issue or provide adequate assurance that he can do so; (B) to compensate or provide adequate assurance that he will promptly compensate the Landlord as to the pecuniary losses caused to the Landlord by the Debtor's default under the 2011 Lease at issue; and (C) to provide adequate assurance of future performance under the terms of the Lease mandates denial of the Motion on these grounds alone. *See In re M. Fine Lumber Co., Inc.* and 11 U.S.C. § 365(b)(1).

9.  Simply put, there is <u>no</u> evidence adduced by the Debtor in support of his motion.

10. Finally, it is too late, and wholly improper, for the Debtor to attempt to provide such evidence in reply papers as a "supplement" to the Motion under settled law.

11. It is well settled that "[A]rguments may not be made for the first time in a reply brief." *MPD Accessories B.V. v. Urban Outfitters*, No. 12 Civ. 6501, 2013 WL 7211833, at *2 n.4 (S.D.N.Y. Dec. 17, 2013) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993)).

12. "Nor may entirely new but foreseeable points relevant to a motion be presented in a reply reply affidavit. . . . Such a procedure is foreign to the spirit and objectives of the Federal Rules of Civil Procedure. *See generally, e.g.*, Fed.R.Civ.P. 1, 12, 26, 56. Were tactics of this type to be

---

[1] As discussed below, the Debtor may not "supplement" his Motion hereinafter under settled law.

permitted, a sur-reply affidavit would be necessary from the adversary, followed by a further supplemental response by the moving party, and so on ad infinitum." *Tetra Techs., Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993); *see also United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 162 (S.D.N.Y. 2015) (collecting cases that arguments made for first time on reply are are not properly considered); *In re Beinhauer*, 570 B.R. 128, 134 (Bankr. E.D.N.Y. 2017) at n. 9 citing *In re Jensen*, No. 09-14830 (MG), 2010 WL 424693, at *2 (Bankr. S.D.N.Y. Feb. 3, 2010) (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)); *Int'l Elecs., Elecs., Inc. v. Media Syndication Global, Inc.*, No. 02 Civ. 4274 LAK, 2002 WL 1897661, at *3 n.2 n.2 (S.D.N.Y. Aug. 17, 2002) ("Arguments first advanced in reply memoranda are not properly considered") and *U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02-CV-4182 (CSH), 2006 2006 WL 3146422, at *3 (S.D.N.Y. Oct. 30, 2006)(New arguments raised in reply briefs deny the the opposing party an opportunity to properly respond to such arguments).

WHEREFORE, the Debtor's Motion for an Order authorizing the Debtor to assume the 2011 Lease at issue must therefore be denied in its entirety and the Court should grant such other and further relief as it deems just and proper in the circumstances.

_____
THOMAS J. MCGOWAN

Sworn to before me on the
13th day of September, 2017

_____
NOTARY PUBLIC
RICHARD M. HOWARD
Notary Public, State of New York
No. 41-4913580
Qualified in Queens County
Commission Expires November 2, 20_17_