MELTZER, LIPPE, GOLDSTEIN  
& BREITSTONE, LLP  
190 Willis Avenue  
Mineola, New York 11501  
(516) 747-0300 (telephone)  
Thomas J. McGowan, Esq.  
*Attorneys for 226 East Montauk Highway Corporation*

Hearing Date: November 15, 2017, 11:00 a.m.  
Objections Due: November 8, 2017, 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**  
**EASTERN DISTRICT OF NEW YORK**

------------------------------------x  
In re:  

TANJU NUREL,   : **Chapter 11**

          Debtor.   : Case No.: 8-17-71200 (ast)

------------------------------------x  

**MOTION FOR AN ORDER DEEMING NONRESIDENTIAL**  
**LEASE REJECTED AS A MATTER OF LAW AND DIRECTING**  
**THE IMMEDIATE SURRENDER OF THE LEASEHOLD**  
**PREMISES AT ISSUE**

TO: THE HONORABLE ALAN S. TRUST  
     UNITED STATES BANKRUPTCY JUDGE

226 East Montauk Highway Corporation ("**Landlord**"), by its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, seeks entry of an Order:

(a) declaring that the unexpired nonresidential lease between the Debtor Tanju Nurel and the Landlord for the premises located at 226 East Montauk Highway, Hampton Bays, New York (the "Leasehold Premises") was rejected as a matter of law when no Order was issued authorizing the Debtor to assume that lease (the "Lease") on or before September 22, 2017, the last day fixed by Order of this Court for the Debtor to assume or reject the Lease;

(b) directing the Debtor and all who claim any rights by or through the Debtor to immediately surrender possession of the Leasehold Premises to the Landlord and directing the Office of the United States Marshall to provide assistance to the Landlord in recovering possession should the Leasehold Premises not be immediately surrendered to the Landlord; and

(c) granting such other and different relief as the Court deems just and proper.

Together with the Affirmation of Thomas J. McGowan, Esq., in Support of the Motion ("**McGowan Aff.**"), with exhibits, and the accompanying memorandum of law, the Landlord respectfully sets forth and represents the following:

## PRELIMINARY STATEMENT

1. This Chapter 11 case was filed in bad faith late on March 2, 2017 - the eve of the commencement of the trial of a landlord-tenant non-payment/eviction proceeding in the Town of Southampton Justice Court (the "Landlord-Tenant Court") which was scheduled for 9:00 a.m. on March 3, 2017 - for the sole purpose of gaining the protection of the bankruptcy automatic stay with no possibility of the Debtor reorganizing given that his own petition evidences (as does all of his post-filing operating reports) that he does not earn enough to pay the Rent and Additional Rent due the Landlord under the lease at issue without taking into account any other debts he owes.

2. The Debtor and his various counsel have literally done everything possible to delay trial in the Landlord-Tenant Court such that the trial has still not been completed over seven months after the filing of the Debtor's bankruptcy petition.

3. Included in these bad faith tactics was the refusal by the Debtor's counsel to stipulate that the Landlord-Tenant Court had jurisdiction over the Debtor notwithstanding that the facts of the personal service of various pleadings upon the Debtor relating to that proceeding were either admitted or undisputed by the Debtor. This refusal to stipulate delayed the scheduling of trial in Landlord-Tenant Court from June until September. Then, on the eve of trial in September, the Debtor's counsel signed and returned the stipulation sent to them months earlier in June to sign so trial could be scheduled then. This evidences that there was no good faith basis to not sign the stipulation months earlier.

4.    Another bad faith tactic by the Debtor and his various counsel was the recent refusal to stipulate that the Landlord could deposit the <u>post-bankruptcy</u> adequate protection payments the Debtor was directed by this Court to pay without the Debtor contending that the collection of these payments had any effect upon the Landlord-Tenant proceeding which addresses the <u>pre-bankruptcy</u> debt due the Landlord under the Lease.

5.    The latest bad faith tactic by the Debtor and his counsel is being addressed by this motion.

6.    That bad faith tactic was the last-minute filing of a bare-bones motion to assume the Lease which made <u>no</u> attempt whatsoever to satisfy the standards upon which a motion to assume the Lease could be granted; with the Debtor incredibly stating instead that he would "supplement" the motion later. The law, however, is well settled that the Debtor cannot do so. *See* Exhibits "1" and "2" to McGowan Aff. (Docket Nos. 59 and 62, respectively).

7.    While this bad faith tactic by the Debtor and his counsel worked to the extent that this Court on September 25th scheduled an evidentiary hearing on that motion for February 21, 2018, some five months later, the legislative history establishes, and the well reasoned opinions of various Courts hold, that an unexpired nonresidential lease such as the commercial Lease at issue must be deemed rejected as a matter of law unless an <u>Order</u> authorizing the Debtor to assume that lease is <u>issued</u> <u>before</u> the deadline fixed under the Bankruptcy Code passes; the filing of a bare-bones, facially defective motion to assume is insufficient as a matter of law to extend the Debtor's right to assume the lease at issue beyond that statutory deadline to assume or reject the lease.

## BASIS FOR RELIEF

8. The statutory predicates for the relief sought in this Motion are Bankruptcy Code Section 365(d)(4) and Bankruptcy Rule 9014.

9. The Debtor filed his bankruptcy petition on March 2, 2017. *See* Ex. "3" to McGowan Aff. (Docket No. 1).

10. At the time of his filing, the Debtor was the lessee under an unexpired nonresidential Lease for the Leasehold Premises dated May 11, 2011. *See* Ex. "4" to McGowan Aff.

11. Pursuant to 11 U.S.C. § 365(d)(4), the Debtor had 120 days from March 2, 2017 to assume or reject the Lease for the Leasehold Premises.

12. 11 U.S.C. § 365(d)(4)(A) provides that "an unexpired lease of nonresidential real property under which the debtor is the lessee **shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume** or reject **the unexpired lease by the earlier of – (i) the date that is 120 days after the date of the order for relief**; or (ii) the date of entry of an order confirming a plan" (emphasis added).

13. 11 U.S.C. § 365(d)(4)(B) provides that "(i) [t]he court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause. (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon the prior written consent of the lessor in each instance."

14. By Order dated June 27, 2017, 117 days after the Debtor filed his Bankruptcy petition, this Court issued an Order granting the Debtor's motion for an extension of time to

assume or reject the lease at issue until on or before August 9, 2017. *See* the true copy of this Order annexed as Exhibit "5" to McGowan Aff. (Docket No. 51).

15. By Order dated August 9, 2017, this Court issued a second Order further extending the Debtor's time to assume or reject the lease at issue until on or before September 22, 2017. *See* the true copy of this Order annexed as Exhibit "6" to McGowan Aff. (Docket No. 57).

16. Pursuant to a notice of motion dated August 15, 2017 and made returnable before this Court on September 20, 2017, the Debtor requested the approval of this Court to assume the Lease. *See* Exhibit "1" to McGowan Aff. (Docket No. 59).

17. The Debtor made no attempt whatsoever in his motion to satisfy the standards that are required to be satisfied for a motion to assume to be granted and, instead, stated that he would "supplement' the motion later. *See id.* No such "supplement" was made by the Debtor and, in any event, would have been improper had he attempted to do so, which he did not.

18. As noted in the opposition filed by the Landlord, the failure of the Debtor to even attempt to satisfy the standards for granting a motion to assume mandated the immediate denial of his motion as a matter of law under well settled law providing that the Court could not consider any grounds raised for the first time in reply papers for the granting of that motion. *See* Exhibit "2" to McGowan Aff. at paras. 11 & 12. (Docket No. 62).

19. Notwithstanding the latter well settled law, this Court scheduled an evidentiary hearing on the Debtor's motion to assume for five months later on February 21, 2018. *See* Exhibit "7" to McGowan Aff.

20. **Although this Court also directed at a September 25, 2017 conference that the Debtor file a paper clarifying whether he was seeking to assume the Lease or to instead**

**assume and assign the Lease by September 28, 2017, the Debtor has failed to do so. No extension of time to do so was sought or granted to the Debtor.**

21. At no time did the Debtor request that this Court conduct a hearing on his motion to assume prior to the September 22, 2017 deadline fixed by this Court's August 9, 2017 Order as the date by which the Debtor had to assume or reject the Lease.

22. Hence, as more fully set forth in the accompanying memorandum of law, the failure of the Debtor to obtain an Order granting his motion to assume the Lease <u>before</u> the September 22, 2017 deadline fixed by this Court to do so expired, results in the Lease having to be deemed rejected as a matter of law.

23. Put simply, the mere filing of a motion to assume is not sufficient as a matter of law to satisfy the requirement fixed by Congress in Section 365(d)(4) of the Bankruptcy Code that the Debtor assume or reject the Lease at issue no later than, at most, 210 days after the filing of his bankruptcy petition.

24. Congress made clear in its legislative history that the deadline fixed under Section 365(d)(4) for the issuance of an Order granting a motion to assume is a bright line test that must be met or any unexpired nonresidential lease such as the Lease at issue must be deemed rejected. *See* the accompanying Memorandum of Law.

25. Upon the deemed rejection of the Lease, the Landlord is entitled as a matter of law and statute to an Order directing the Debtor to immediately surrender the Leasehold Premises to the Landlord. *See* 11 U.S.C. § 365(d)(4) and the settled law noted in the accompanying memorandum of law.

811433-1

## CONCLUSION

26. Based on the forgoing, the Landlord respectfully requests that the Court enter an Order:

(a) declaring that the unexpired nonresidential lease between the Debtor Tanju Nurel and the Landlord for the premises located at 226 East Montauk Highway, Hampton Bays, New York (the "Leasehold Premises") was rejected as a matter of law when no Order was issued authorizing the Debtor to assume that lease (the "Lease") on or before September 22, 2017, the last day fixed by Order of this Court for the Debtor to assume or reject the Lease;

(b) directing the Debtor and all who claim any rights by or through the Debtor to immediately surrender possession of the Leasehold Premises to the Landlord and directing the Office of the United States Marshall to provide assistance to the Landlord in recovering possession should the Leasehold Premises not be immediately surrendered to the Landlord; and

(c) granting such other and different relief as the Court deems just and proper.

Dated: Mineola, New York
       October 10, 2017

          MELTZER, LIPPE, GOLDSTEIN
          & BREITSTONE, LLP

          By: */s/ Thomas J. McGowan*
            Thomas J. McGowan, Esq.
            190 Willis Avenue
            Mineola, New York 11501
            (516) 747-0300
            *Attorneys for the Landlord*
            *226 East Montauk Highway Corporation*

811433-1