UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

In re:

TANJU NUREL,

        Debtor.

------------------------------------------------------------- X

Index No. 17-71200 (AST)

Chapter 11

### DEBTOR'S SUPPLEMENTAL MOTION TO ASSUME
### AN UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY

    Tanju Nurel (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through his counsel, Macco & Stern, LLP, supplements the motion (the "Motion"), dated August 15, 2017, for an order authorizing the Debtors to assume a lease of non-residential real property, and respectfully sets forth as follows:

### JURISDICTION AND VENUE

    1.   The Court has jurisdiction to consider this motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief are §§105 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### FACTUAL BACKGROUND

    2.   Since 1994, the Debtor has leased non-residential real property located, and known as, 226 East Montauk Highway, Hampton Bays, NY 11946 (the "Real Property") from the 221 East Montauk Highway Corp. (the "Landlord").

    3.   On or about May 11, 2011, Debtor and Landlord renegotiated the terms of leasing the Real Property and entered into a new written lease agreement (the "Lease"), whereby Debtor

1

agreed to lease the Real Property from the Landlord for a period of twenty (20) year. A copy of the Lease is annexed to the Motion as Exhibit A.

4. Debtor has a fifty (50%) percent interest in Tam-NY, Inc. ("Tam"), a corporation formed under the laws of the State of New York.

5. Since 2000, Debtor has sub-leased the Real Property to Tam pursuant to an oral month-to-month sublease.

6. At all relevant times, Landlord was aware that Tam, and not the Debtor individually, was in possession of the Real Property.

7. On or about September 23, 2016, Landlord filed a non-payment petition in the Southampton Town Justice Court (the "Justice Court"), commencing a non-payment action for unpaid rent due under the Leases, less any amounts owed to the Debtor (the "Cure Amount") entitled *226 East Montauk Highway Corporation v. Tanju Nurel, et al.,* and assigned index number 16-100044 (the "Non-Payment Case").

## PROCEDURAL BACKGROUND

8. On March 2, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. The Debtor has continued to operate as a debtor-in-possession under Bankruptcy Code §§1107 and 1108.

10. To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

11. By order (the "First Lift Stay Order"), entered April 27, 2017, the Court modified the Bankruptcy Code §362 automatic stay to permit the Non-Payment Case to continue before the Justice Court to determine the Cure Amount, if any, under the Lease.

12.     Due to the subject matter jurisdiction of the Justice Court, the First Lift Stay Order was insufficient to permit the Non-Payment Case to continue.

13.     By order (the "Second Lift Stay Order"), entered June 22, 2017, the Court modified the First Lift Stay Order and further modified the Bankruptcy Code §362 automatic stay to permit the Non-Payment Case to continue before the Justice Court to determine the Cure Amount, if any, under the Lease, while also permitting the Justice Court to issue a warrant of eviction and judgment of possession, which would be stayed until further order of the Court.

14.     By order (the "First Extension Order"), entered June 27, 2017, the Court extended the Debtor's time to assume or reject unexpired leases until August 9, 2017.

15.     By order (the "Second Extension Order"), dated August 9, 2017, the Court extended the Debtor's time to assume or reject unexpired leases until September 22, 2017 (the "Assumption Deadline").

16.     The Justice Court scheduled a trial to determine the Cure Amount, if any, under the Lease in the Non-Payment Case for September 8, 2017.

17.     On August 15, 2017, the Debtor filed the Motion to assume the Lease.  The Motion is incorporated herein by reference.

18.     On September 8, 2017, the parties appeared before the Justice Court and commenced the trial, which was adjourned until September 20, 2017.

19.     On September 20, 2017, the parties again appeared before the Justice Court and continued the trial, which trial was adjourned until December 20, 2017 (the "Trial Date").

20.     On September 21, 2017, the Debtor appeared before the Court and requested additional time to continue and complete the Justice Court Action on the Trial Date.

21.     By oral decision, the Court: (1) adjourned this Motion; (2) ordered that the Motion be supplemented on or before October 18, 2017; and (3) established briefing deadlines for arguments pursuant to Bankruptcy Code §365(d).

## ARGUMENT

22.     Bankruptcy Code §365(a) states, in relevant part, that a "trustee [or debtor-in-possession], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

23.     The ability to assume or reject an executory contract or unexpired lease allows a debtor-in-possession to examine its executory contracts and unexpired leases and "decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."[1]

24.     The decision involves the debtor-in-possession's "business judgment," which, in essence, determines whether "assuming the contract would be a good business decision or a bad one."[2]

25.     Where there has been a default in an executory contract or unexpired lease:

  (1)     [T]he trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee [or debtor-in-possession] –

    (A)     cures or provides adequate assurance that the trustee [or debtor-in-possession] will promptly cure such default . . . except that if such default arises from a failure to operate in accordance with a non-residential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

---

[1] See Orion Pictures Corporation v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).
[2] Id. at 1099.

(B)    compensates or provides adequate assurances that the trustee [or debtor-in-possession] will properly compensate a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from the default; and

(C)    provides adequate assurances of future performances under such contract or lease.

Bankruptcy Code §365(b)(1).

26.    The Debtor intends to supplement this Motion after the Trial Date with the correct Cure Amount as determined by the Justice Court.

27.    The Debtor has determined, in his business judgment that an assumption of the Lease is in the Debtor's best interests.

28.    Tam operates a farm stand on the Real Property.

29.    The Debtor's income is tied to the business and profits of Tam.

30.    The Debtor's spouse's income is tied to the business and profits of Tam.

31.    Tam requires the Real Property to continue operating.

32.    Without an assumption by the Debtor of the Lease, the Debtor cannot continue to sub-lease the Real Property to Tam.

33.    The Debtor's sub-lease of the Real Property to Tam allows Tam to operate the business on the Real Property, which in turn provides income to the Debtor, which the Debtor uses to pay the rent under the Lease.

34.    Based on the foregoing, and based on the Debtor's business judgment, the Debtor seeks to assume the Lease pursuant to Bankruptcy Code §365.

## NOTICE

35.    The Debtors have served this Supplemental Motion upon (1) the Office of the United States Trustee, and (2) the Landlord, as required by Bankruptcy Rule 6006(c).  The Debtors submit that further notice is neither required nor necessary.

36.    No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the Court enter an Order authorizing the Debtor to assume the Lease, and granting such other and further relief and the Court deems just and proper.

Dated: October 11, 2017
        Islandia, New York

                                                    **MACCO & STERN, LLP**
                                                    Attorneys for the Debtor-In-Possession

                                    By:    _____
                                                    Michael J. Macco
                                                    Cooper J Macco
                                                    2950 Express Drive South, Suite 109
                                                    Islandia, New York 11749
                                                    (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

TANJU NUREL,

Debtor.

-------------------------------------------------------------X

Index No. 17-71200 (AST)

Chapter 11

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ) s.s.:
COUNTY OF SUFFOLK    )

**COOPER J MACCO**, being duly sworn deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Huntington, New York.

On October **11**, 2017 deponent served the within:

- **DEBTOR'S SUPPLEMENTAL MOTION TO ASSUME AN UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY**

upon the following parties at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:    **LANDLORD AND LANDLORD'S ATTORNEY**
       Thomas J. McGowan, Esq.
       Meltzer, Lippe, Goldstein & Breitsone, LLP
       190 Willis Avenue
       Mineola, NY  11501

       226 East Montauk Highway Corporation
       427 East 74th Street
       New York, New York 10021

**OFFICE OF THE UNITED STATES TRUSTEE**
Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY  11722

COOPER J MACCO

Sworn to before me this
11th day of October, 2017

NOTARY PUBLIC

SANIYYAH S. GREENE
Notary Public, State of New York
NO. 01GR6172195
Qualified in Suffolk County
Commission Expires August 6, 2019