UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  **Chapter 11**
                                               :  **Case No.: 8-17-71200 (ast)**

In re:                                      :

           **TANJU NUREL,**                    :

                                         :

                          Debtor.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OF LAW IN RESPONSE TO DEBTOR'S MEMORANDUM DATED NOVEMBER 15, 2017 IN FURTHER SUPPORT OF HIS FATALLY DEFECTIVE MOTION TO ASSUME THE NONRESIDENTIAL LEASE BETWEEN THE DEBTOR AND 226 EAST MONTAUK HIGHWAY CORP.

### PRELIMINARY STATEMENT

226 East Montauk Highway Corp. by and through its attorneys, Meltzer, Lippe, Goldstein &

Breitstone, LLP respectfully submits the following memorandum of law on behalf of 226 East

Montauk Highway Corp. (the "Landlord") pursuant to the Contested Matter Scheduling Order of this

Court filed on October 24, 2017 (Docket 80) in response to the memorandum of law and Macco Aff.

in Support filed by the Debtor on November 15, 2017 (Docket 82) in further support of his fatally

defective motion (Docket 59) seeking this Court's approval to assume the unexpired nonresidential

lease between the Debtor and the Landlord dated May 11, 2011 (the "Lease") for the premises

located at 226 East Montauk Highway, Hampton Bays, NY (the "Leasehold Premises").


**Fatal to the Debtor's unsupported motion are: (i) his failure to properly move to assume**

**assume the Lease, mandating the immediate denial of his motion; (ii) his complete and utter**

**utter failure to comply with the requirement of Bankruptcy Rule 9013 to "state with**

**particularity the grounds" for his motion to assume the Lease; (iii) his complete and utter**

**failure to satisfy the standards that must be satisfied before an Order can be issued granting**

1

granting his motion to assume; and (iv) the fact that the motion is untimely given that the plain

plain language of the statute at issue (and its legislative history) requires that an Order be

issued deciding the motion to assume before the deadline fixed by this Court to assume the

Lease expired on September 22, 2017 - - a conclusion mandated by the Supreme Court in cases

cases addressing how the Bankruptcy Code must be interpreted. Each of these points are

independently fatal to the Debtor's motion. Moreover, the Debtor's operating reports filed with this

this Court and the schedules to his bankruptcy petition establish that his motion was made in bad

faith to delay his eviction from the subject leasehold as long as possible, by all means possible.

The Debtor's motion must be summarily denied.

## THE DEBTOR FAILED TO PROPERLY MOVE TO ASSUME THE LEASE; WHICH MANDATES THE SUMMARY DENIAL OF THAT MOTION

Bankruptcy Rule 6006(a) provides that a proceeding to assume a lease is governed by

Bankruptcy Rule 9014. Bankruptcy Rule 9014(b) requires that "[t]he motion shall be served in the

manner provided for service of a summons and complaint by Rule 7004 and within the time

determined under Rule 9006(d)." Rule 7004(3), in turn, requires that service upon the corporate

Landlord be made "by mailing a copy of the [motion] **to the attention of an officer, a managing or**

**general agent. . ."** (emphasis added).

As evidenced by the affidavits of service relating to: (i) the Debtor's initial motion to assume

assume filed on August 15, 2007 (Docket 59 - annexed as Ex. "E" to the Macco Aff.); and (ii) the

the Debtor's Supplemental Motion to Assume filed on October 11, 2017 (Docket 72 - annexed as Ex.

Ex. "F" to the Macco Aff.) that are attached as part of those exhibits to the Macco Affidavit in

Support filed on November 15, 2017 (Docket 82), the Debtor's service of his motion to assume did

did not comply with Bankruptcy Rule 7004(3) because he did not mail that motion to the attention of attention of "an officer, a managing or general agent" of the Landlord as required. Instead, as the Debtor's affidavits of service evidence, the motion and supplemental motion were mailed only to the the Landlord generally. *See* Exhibits "E" and "F" to the Macco Aff.

The Debtor's service of his motion in this manner is insufficient as a matter of settled law. *See, e.g., In re Berkline/BenchCraft Holdings, LLC*, 2013 WL 4478672, at *4 (Bankr. D. Del. Aug. 6, 2013)("Service on an agent corporation without directing the mailing to an officer or appropriate individual at that agent is insufficient under Rule 7004(b)(3). [citing] *See, e.g., Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.),* 485 B.R. 62 (Bankr.S.D.N.Y.2013)(holding that mailing the summons and complaint to corporate agent without directing it to anyone in particular violates Rule 7004(b)(3)"). The Court in the case of *In re Teligent Inc.* held that "service not directed to the attention of anybody in particular is not sufficient" citing *In re GST Telecom, Inc.,* No. 00–1082 GMS, 2002 WL 1737445, at *6 (D. Del. July 29, 2002)(quoting *In re Ass'n of Volleyball Prof'ls,* 256 B.R. 313, 317 (Bankr.C.D.Cal.2000)); *accord In re Starlite Houseboats, Inc.,* 426 B.R. 375, 382 n. 6 (Bankr.D.Kan.2010)". *In re Teligent, supra*, 485 B.R. at 68–69.

As noted in the *Sun Healthcare* case quoted by the Court in the *Berkline/BenchCraft Holdings, LLC* decision, "failure to address the service of process to the attention of an officer or agent ... violates the statutory requirements of Bankruptcy Rule 7004(b)(3) ... [because] notice must must comply with the literal requirements of Bankruptcy Rule 7004(b)(3)." *Sun Healthcare Group v. Group v. Mead Johnson Nutritional, 2004 ML 941190, at *2 (Bankr. D. Del. 2004).* The reason why why strict compliance with the "literal requirements" of Bankruptcy Rule 7004 is mandated, is

3

because the use of the abbreviated procedure of service by mail "requires a higher standard of care care when serving a party defendant". *In re Sheppard*, 173 B.R. 799, 805 (Bankr. N.D. Ga. 1994); In 1994); In re Barry, 330 B.R. 28, 33 (Bankr.D.Mass. 2005)(same); *Golden v. The Guardian (In re Lenox Healthcare, Inc.)*, 319 B.R. 819, 822 (Bankr.D.Del.2005)("Because nationwide service of process by first class mail is a rare privilege which should not be abused or taken lightly, courts have have required strict compliance with Rule 7004(b)(3).(internal citation omitted)").

As this Court has stated, "[a] bankruptcy court's power to adjudicate the rights and liabilities of a defendant is dependent not only on compliance with due process, but also on compliance with the technicalities of Bankruptcy Rule 7004." *In re Cruisephone, Inc.*, 278 B.R. 325, 334 (Bankr. E.D.N.Y. 2002). Indeed, even "a defendant's actual knowledge of a pending lawsuit is no substitute for proper service [cites omitted]". *Citizens Bank v. Decena*, 562 B.R. 202, 210 (E.D.N.Y. 2016).

Since the Debtor here failed to serve his Motion to Assume (and his Supplemental Motion to Assume) to the attention of an officer, or managing or general agent of the corporate Landlord as required by Bankruptcy Rule 7004(3), his motion must be dismissed/denied on this basis alone. But this is not the only defect that is independently fatal to the Debtor's motion.

## THE DEBTOR'S FAILURE TO STATE WITH PARTICULARITY THE GROUNDS FOR HIS MOTION TO ASSUME MANDATES THE SUMMARY DENIAL OF THAT MOTION

As noted above, Bankruptcy Rule 6006(a) provides that a proceeding to assume a lease is governed by Bankruptcy Rule 9014. Bankruptcy Rule 9014 in turn provides that relief shall be sought by motion; which Bankruptcy Rule 9013 requires "state with particularity the grounds therefor".

Here, **the Debtor did not even attempt to satisfy this requirement.**

Put simply, before the Court can even consider whether the Debtor's motion must be denied because it was not decided before the bright line deadline fixed by this Court and the Bankruptcy Code to assume the 2011 Lease at issue, the Court must first find that the Debtor made a good faith motion to assume that is not required to be denied on its face. Here, the Debtor's motion is required to be denied on its face.

As the Debtor admitted in his motion to assume (Docket 59 - annexed as Ex. "E" to the Macco Aff.), he cannot assume the Lease at issue unless he: "(A) cures or provides adequate assurance that the trustee (or debtor-in-possession) will promptly cure such default . . .; (B) compensates or provides adequate assurances that the trustee (or debtor-in-possession) will promptly compensate a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from the default; and (iii) provides adequate assurances of future performances under such contract or lease. *See id. quoting* Bankruptcy Code § 365(b)(1).

The Debtor's motion does not state anywhere "with particularity" how the Debtor can satisfy satisfy or has satisfied each of the requirements of Bankruptcy Code § 365(b)(1) he admitted needing needing to satisfy in his motion. *See id.* Indeed, the Debtor conceded this defect as to the first of the the requirements set forth in Bankruptcy Code § 365(b)(1) in his motion when he stated that he "intends to supplement this Motion" when the amount of pre-petition rent and additional rent due the the Landlord is determined by the Southampton Justice Court[1]. *id.* at ¶ 23.

---

[1] The Debtor, however, is not permitted to do so under well established caselaw. It is well settled that "arguments may not be made for the first time in a reply brief." *MPD Accessories B.V. v. Urban Outfitters*, No. 12 Civ. 6501, 2013 WL 7211833, at *2 n.4 (S.D.N.Y. Dec. 17, 2013) (quoting

As the Court is aware, the amount claimed due by the Landlord in his nonpayment proceeding in Southampton Justice Court is approximately $400,000; an amount that the Debtor's Debtor's counsel previously conceded in open court the Debtor is not able to "cure". In his motion, motion, the Debtor admitted that "based on the Cure Amount ultimately determined by the Justice Justice Court, the Debtor may seek to assign the lease to Tam, (NY)" [because] "Tam . . . may be in in a better position to assume the Lease if the Cure Amount is determined to be higher than the Debtor individually is capable of curing". *Id.* at ¶¶ 30, 31. When this Court directed the Debtor to specify whether he intended to assume the Lease individually or instead seek to assume and assign it assign it to Tam, NY, the Debtor stated that he seeks to assume the Lease individually. *See* Debtor's Debtor's Supplemental Motion to Assume at ¶ 34 annexed as Exhibit "F" to the Macco Aff. which

---

*Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993)). "Nor may entirely new but foreseeable points relevant to a motion be presented in a reply affidavit. . . . Such a procedure is foreign to the spirit and objectives of the Federal Rules of Civil Procedure. *See generally, e.g.*, Fed.R.Civ.P. 1, 12, 26, 56. Were tactics of this type to be permitted, a sur-reply affidavit would be necessary from the adversary, followed by a further supplemental response by the moving party, and so on ad infinitum." *Tetra Techs., Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993); *see also United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 162 (S.D.N.Y. 2015) (collecting cases that arguments made for first time on reply are not properly considered); *In re Beinhauer*, 570 B.R. 128, 134 (Bankr. E.D.N.Y. 2017) at n. 9 citing *In re Jensen*, No. 09-14830 (MG), 2010 WL 424693, at *2 (Bankr. S.D.N.Y. Feb. 3, 2010) (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)); *Int'l Elecs., Inc. v. Media Syndication Global, Inc.*, No. 02 Civ. 4274 LAK, 2002 WL 1897661, at *3 n.2 (S.D.N.Y. Aug. 17, 2002) ("Arguments first advanced in reply memoranda are not properly considered") and *U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02-CV-4182 (CSH), 2006 WL 3146422, at *3 (S.D.N.Y. Oct. 30, 2006)(New arguments raised in reply briefs deny the opposing party an opportunity to properly respond to such arguments).

6

was filed <u>after</u> the deadline to assume or reject had expired. (Docket 72).

In neither of these filings did the Debtor: (A) contend that he has cured his defaults under the 2011 Lease at issue or provided adequate assurance that he could do so; (B) contend that he could compensate or provide adequate assurance that he will promptly compensate the Landlord as to the pecuniary losses caused to the Landlord by the Debtor's default under the 2011 Lease at issue; and (C) provide adequate assurance of future performance under the terms of the Lease. His failure to do so mandates denial of the Motion on these grounds alone. *See In re M. Fine Lumber Co., Inc.*, 383 B.R. 565 (Bankr. E.D.N.Y. 2008) and 11 U.S.C. § 365(b)(1). In sum, the Debtor does not state with particularity in either his motion or in his untimely and improper "Supplemental Motion" his grounds for satisfying these mandatory requirements of the Bankruptcy Code that must be satisfied in order for the Lease to be assumed. *See* Exhibits "E" and "F" to Macco Aff.

The Debtor's failure to state with particularity the grounds of his motion means that he failed to satisfy Bankruptcy Rule §365(d)(4) as to the assumption of the Lease prior to the expiration of the deadline fixed therein for that to occur or the Lease is deemed rejected as a matter of law thereunder. *See Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077 (9th Cir. 1989)("for a document to qualify, it must fit the definition of a motion under the Bankruptcy Rules to satisfy section 365(d)(4)")[2]. In other words, it is not sufficient, as was done by the Debtor here, to file a bare-bones, placeholder document entitled "motion" which fails to state the grounds for his request that the Court allow him to assume the Lease (much less "with particularity"

---

[2] This Court will note that the Debtor cited *Sea Land* for support in his memorandum of law in support.

7

as required by the Bankruptcy Code to make a motion), to satisfy the deadline fixed by section

365(d)(4) to assume the Lease or have it deemed rejected as a matter of law[3].

The Debtor's motion to assume must therefore be denied on this independent ground as well.

### THE DEBTOR'S COMPLETE AND UTTER FAILURE TO SATISFY THE STANDARD NECESSARY TO GRANT A MOTION TO ASSUME <u>REQUIRES THE SUMMARY DENIAL OF THAT MOTION</u>

The Debtor completely and utterly failed to satisfy the standard necessary for his motion to

assume to be granted. In fact, the Debtor did not even attempt to do so. The Debtor does not contend

in either his Motion to Assume or in his untimely and improper Supplemental Motion, much less

adduce any evidence in support, that he has "(A) cure[d] or provide[d] adequate assurance that [he]

will promptly cure such default . . .; (B) compensate[d] or provide[d] adequate assurances that [he]

will promptly compensate [the Landlord] for any actual pecuniary loss to such party resulting from

the default; and (iii) provide[d] adequate assurances of future performances under [the Lease]". *See*

Bankruptcy Code § 365(b)(1) and *compare* to the Debtor's Motion and Supplemental Motion

(Exhibits "E" and "F", respectively to the Macco Aff.).

No such contentions are made by the Debtor, and no evidence of same is attached to his

Motion and Supplemental Motion, because no such contentions can be made and no evidence can be

adduced to support any such contentions even if they were made, which they were not.

The fact that the Debtor cannot satisfy the standard for his motion to assume to be granted is

---

[3] This of course assumes *arguendo* for the purposes of this point that the mere filing of a motion to assume that states with particularity the grounds for that motion prior to the deadline set forth in Section 365(d)(4) would satisfy that statute - - it does not for the reasons more fully set forth *infra*.

is irrefutably evidenced by, *inter alia*, the Operating Reports he filed with this Court compared to the schedules annexed to his bankruptcy petition setting forth the monthly income and expenses of his household. The schedules annexed to the Debtor's bankruptcy petition (Docket 1) note that his household income was $4,859.22 per month while his household expenses were $4,839.00 per month. *See* Exhibits "1" and "2" to the accompanying McGowan Aff. The Debtor's monthly household expenses reported on his petition schedules did not include the amounts due the Landlord Landlord under the terms of the Lease. *See* Exhibit "1" to the accompanying McGowan Aff.

The Operating Reports filed by the Debtor to date evidence that his monthly income and the amount in his DIP bank account since the filing of his petition were as follows:

| Debtor's Monthly Income | | DIP Bank Account Balance |
|---|---|---|
| March, 2017: | NONE | $ 5,076.00 (Docket 23) |
| April, 2017: | $1,800 | $11,324.95 (Docket 35 |
| May, 2017: | NONE | $ 2,554.14 (Docket 45) |
| June, 2017: | $1,912.10 | $ 3,994.24 (Docket 54) |
| July, 2017: | NONE | $ 376.31 (Docket 60) |
| August, 2017: | $1,371.00 | $ 276.67 (Docket 66) |
| September, 2017: | $1,027.25 | $ 1,082.20 (Docket 75) |
| October, 2017: | $ 342.25 | $ 558.63 (Docket 83) |

*See* Exhibits "3" to "10", respectively to the McGowan Aff.

In short, as evidenced thereby and by his income and expense schedules annexed as Exhibit Exhibit "1" to the McGowan Aff., the Debtor has received less income on average per month after after filing for bankruptcy (i.e. $806.57 per month) than before he filed his bankruptcy petition. At

9

the same time, his household expenses have undoubtedly increased (e.g. property taxes on his home alone) as did the rent and additional rent due under the Lease (e.g. the 3 ½% per annum increase in rent alone effective June 1st of each year including in 2017 [*see* Exhibit "a" to Exhibit "E" to Macco Aff. at Article 3.2], and increases in property taxes on the Leasehold Premises). As established by just this evidence alone, the Debtor cannot: "(A) cure[] or provide[] adequate assurance that [he] will promptly cure such default . . .; (B) compensate[] or provide[] adequate assurances that [he] will promptly compensate [the Landlord] for any actual pecuniary loss to such party resulting from the default; and (iii) provide[] adequate assurances of future performances under [the Lease]". *See* Bankruptcy Code § 365(b)(1).

The Debtor has also defaulted under other provisions of the Lease that are not capable of being "cured" but are required to be "cured" before this Court could grant his motion to assume. These provisions include, but are not limited to, his default in sub-leasing the Leasehold Premises without first obtaining the Landlord's required written consent to same. *See* Exhibit "a" to Exhibit "E" to the Macco Aff. at Article 32 thereof and the admission of the sub-leasing which violates the Lease at paragraph 7 of the Macco Aff. (Docket 82).

Other defaults include his failure to remit the security deposit required by the Lease to be paid on the date of its commencement equal in amount to two months of rent and additional rent as required by the Lease; and also to maintain insurance by a NY insurer as required by the Lease. *See id.* at Articles 21 and 20.

The fact that the Debtor's motion to assume does not identify or address his various defaults; defaults; nor states how he "cured" them; nor states the grounds for his providing "adequate assurances" of, *inter alia*, his future performance under the Lease; establishes that his bare-bones,

10

non-particularized motion is defective on its face.

Based on the foregoing, the Debtor's motion to assume must be denied on this basis as well.

**THE DEBTOR'S FAILURE TO OBTAIN AN ORDER GRANTING HIS MOTION TO ASSUME THE LEASE BEFORE THE SEPTEMBER 22, 2017 DEADLINE FIXED BY THIS COURT FOR HIM TO ASSUME OR REJECT THE LEASE MANDATES THE DECLARATION THAT THE LEASE IS DEEMED REJECTED AS A MATTER OF LAW**

The Debtor filed his bankruptcy petition on March 2, 2017. *See* Exhibit "B" to McGowan Aff. (Docket No. 1). At the time of his filing, the Debtor was the lessee under the unexpired nonresidential Lease for the Leasehold Premises dated May 11, 2011. *See* Exhibit "a" to Exhibit "E" to the Macco Aff. (Docket 82). Pursuant to 11 U.S.C. § 365(d)(4), the Debtor had to assume or reject the Lease for the Leasehold Premises within 120 days of March 2, 2017 or it was deemed rejected as a matter of law and he would be required to immediately surrender possession of the Leasehold Premises to the Landlord.

11 U.S.C. § 365(d)(4)(A) provides that "an unexpired lease of nonresidential real property under which the debtor is the lessee **shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume** or reject **the unexpired lease by the earlier of – (i) the date that is 120 days after the date of the order for relief**; or (ii) the date of entry of an order confirming a plan" (emphasis added).

11 U.S.C. § 365(d)(4)(B) provides that "(i) [t]he court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of

of the trustee or lessor for cause. (ii) If the court grants an extension under clause (i), the court may

may grant a subsequent extension only upon the prior written consent of the lessor in each instance."

instance."

By Order dated June 27, 2017, 117 days after the Debtor filed his Bankruptcy petition, this

this Court issued an Order (Docket No. 51) granting the Debtor's motion for an extension of time to

to assume or reject the lease at issue until on or before August 9, 2017. *See* the true copy of this

Order annexed as Exhibit "C" to Macco Aff. (Docket No. 82). By Order dated August 9, 2017, this

this Court issued a second Order[4] (Docket No. 57) further extending the Debtor's time to assume or

or reject the lease at issue until on or before September 22, 2017. *See* the true copy of this Order

annexed as Exhibit "D" to Macco Aff. (Docket No. 82). The wording of both Orders extending the

the time to assume is significant in that each comports with the statutory mandate set forth in 11

U.S.C. 365(d)(4) by providing <u>only</u> that an extension of time was being granted "for the Debtor **to**

**to assume or reject** unexpired leases of non-residential real property". *See* Exhibits "C" and "D" to

to Macco Aff. (emphasis added). These Orders did not state that the deadline for the Debtor to obtain

obtain an Order allowing him to assume the Lease was being extended as is required by the

Bankruptcy Code for the Lease to actually be assumed. *See id.* and 11 U.S.C. §365(a) - - the latter

latter being discussed more fully below.

---

[4] It is not clear that more than one motion for an extension of time to assume the Lease could be granted. *See Debartolo Properties Management, Inc. v. Devan*, 194 B.R. 46, 50 (D.Md. 1996)(stating that '[i]t is not at all clear to this Court that § 364(d)(4) [sic – s/b 365] does, in fact, permit successive extensions of the time to assume or reject lease" but declining to rule on the issue because it was not presented on that appeal). This is yet another basis for this Court to conclude that the Lease has been rejected as a matter of law when it was not assumed by the August 9th deadline set forth in the Court's first extension Order.

At no time did the Debtor request that this Court conduct a hearing and issue an order on his motion to assume prior to the expiration of the September 22, 2017 deadline fixed by this Court's August 9, 2017 second extension Order and the Bankruptcy Code for him to assume or reject the Lease.

The foregoing facts mandate a declaration by this Court that the Lease was deemed rejected by operation of 11 U.S.C. § 365(d)(4)(A) as of September 23, 2017.

While the Debtor contends that the "majority" of cases considering the issue before and after the 2005 revision of Section 365(d)(4) of the Bankruptcy Code have held that the mere making of a motion to assume before the deadline is sufficient to satisfy that statute, not only is the statue clear in the plain meaning of its words that this is not correct, but Congress made it clear in its legislative history as to the 2005 Revision to Section 365(d)(4) of the Bankruptcy Code that the deadline fixed under that section for the issuance of an Order approving the assumption of a lease is a "firm, bright line deadline" that must be met or any unexpired nonresidential lease such as the Lease at issue must be deemed rejected as a matter of law. Put another way, the mere filing of a motion to assume is not sufficient to satisfy the requirement fixed by Congress in Section 365(d)(4) of the Bankruptcy Code for the Debtor to "assume or reject" the Lease at issue no later than, at most, 210 days after the filing of his bankruptcy petition.

The legislative history of the 2005 Revisions to the Bankruptcy Code is critical here. The full text of the relevant "Section-by-Section Analysis and Discussion" reads:

Executory Contracts and Unexpired Leases. **Subsection (a) of section 404 of the Act Act amends section 365(d)(4) of the Bankruptcy Code to establish a firm, bright bright line deadline <u>by which</u> an unexpired lease of nonresidential real property**

13

property **must be assumed or rejected. If such lease is not assumed or rejected by such deadline, then such lease shall be deemed rejected, and the trustee shall immediately surrender such property to the lessor.** Section 404(a) permits a bankruptcy trustee to assume or reject a lease on a date which is the earlier of the date of confirmation of a plan or the date which is 120 days after the date of the order for relief. An extension of time may be granted, within the 120 day period, for an additional 90 days, for cause, upon motion of the trustee or lessor. Any subsequent extension can only be granted by the judge upon the prior written consent of the lessor either by the lessor's motion for an extension or on motion of the trustee, provided that the trustee has the prior written approval of the lessor. This provision is designed to remove the bankruptcy judge's discretion to grant extensions of the time for the retail debtor to decide whether to assume or reject a lease after a maximum possible period of 210 days from the time of entry of the order of relief. Beyond that maximum period, the judge has no authority to grant further time unless the lessor has agreed in writing to the extension.

H.R. REP. 109-31(I), 86-87, 2005 U.S.C.C.A.N. 88, 152-53 (emphasis added).

A debtor cannot actually assume "an unexpired lease of nonresidential real property" unless and until a Bankruptcy Court issues an Order approving that assumption. *See* 11 U.S.C. §365(a) - - " . . . the trustee, <u>subject to the court's approval</u>, may assume or reject any executory contract or unexpired lease of the debtor." (emphasis added). Thus, the Debtor's mere making of a motion to assume is not the same as the Debtor actually assuming the Lease which requires an Order from this Court approving an assumption as the statute requires be done by the statutory deadline or be deemed rejected thereunder. 11 U.S.C. §365(d)(4); *see also In re Southampton Yen Rest. Grp. LLC*, No. 09-13874, 2009 WL 3925563, at *3 (Bankr. S.D.N.Y. Nov. 16, 2009) (citing various authorities that "[s]ection 404 of the Act amends section 365(d)(4) of the Bankruptcy Code to establish a *firm, bright line deadline* by which an unexpired lease of nonresidential real property must be assumed or rejected. . . . It is now clear that any order extending the initial 120–day period must be entered before the expiration of the deadline. . . . By

14

negative implication, the court lacks the authority to extend the period [under § 365(d)(4) ] once the the initial 120–day period has expired.").

If Congress wanted the mere filing of a motion to assume to satisfy Section 365(d)(4) of the Bankruptcy Code, it could have easily written that section to provide that: "an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not "**MOVE TO**" assume or reject the unexpired lease by the earlier of – (i) the date that is 120 days after the date of the order for relief; or (ii) the date of entry of an order confirming a plan." Congress obviously knew that a Debtor could not assume a Lease without the Bankruptcy Court issuing an Order approving that assumption under 11 U.S.C. §365(a), yet did not state in its revision of Section 365(d)(4) that a mere motion to assume would satisfy that section.

In sum, the plain meaning of the words used by Congress in writing the 2005 revision to Section 365(d)(4) requires that a debtor not only move to assume a lease but that the Bankruptcy Court issue an Order approving that assumption before the deadline under that section expires in order for the lease at issue not to deemed rejected.

As has been noted, the Supreme Court has made it clear that "when a provision has a plain meaning judges are to apply it and not otherwise explicate the Code". *In re Horwitz*, 167 B.R. 237, 239 (Bankr. W.D.OK. 1994) (citing, *inter alia*, *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494 (1986); *Kelly v. Robinson*, 479 U.S. 35 (1986); *U.S. Ron Pair Enterprises, Inc.*, 489 U.S. 235 (1989); *Rake v. Wade*, 508 U.S. 464 (1993)). As the Horwitz Court explained, "while judges might crave the freedom to always

15

decree what is equitable and socially useful in the cases before us the Supreme Court says that we do not possess it when a statute of rule provides clear direction". *id.* at 241.

The Debtor's motion to assume must therefore be denied on this independent basis as well.

## THE DEBTOR MUST BE DIRECTED TO IMMEDIATELY SURRENDER POSSESSION OF THE LEASEHOLD PREMISES UPON THE LEASE BEING DEEMED REJECTED

Upon the deemed rejection of the Lease following the expiration of the September 22, 2017 deadline fixed by this Court and the Bankruptcy Code for the Debtor to assume the Lease, this Court must also direct the Debtor, and anyone claiming by or through him, to immediately surrender the Leasehold Premises to the Landlord. *See* 11 U.S.C. § 365(d)(4) ("the trustee shall immediately surrender that nonresidential real property to the lessor" if the trustee does not assume the lease before the statutorily fixed deadline expires).

## CONCLUSION

Based on all of the foregoing, legally independent reasons, the Landlord respectfully requests that this Court immediately deny the Debtor's motion in its entirety and grant such other and further relief as the Court deems just and proper in the circumstances.

Dated: Mineola, New York
December 5, 2017

Respectfully submitted,

Meltzer, Lippe, Goldstein & Breitstone, LLP

*Attorneys for 226 East Montauk Highway Corp.*

By: _____
THOMAS J. MCGOWAN

16