Macco & Stern LLP
*Attorneys for the Debtor-in-Possession*
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900
Michael J. Macco, Esq.
Cooper J Macco, Esq.

Hearing Date: February 21, 2018
Time: 10:00 a.m.

Objections Due: February 14, 2018
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

TANJU NUREL,

                       Debtor.
-------------------------------------------------------------X

Index No. 17-71200 (AST)

Chapter 11

## NOTICE OF HEARING TO CONSIDER
## MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 CASE

**PLEASE TAKE NOTICE,** that Tanju Nurel (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through his counsel, Macco & Stern, LLP, will move before the Honorable Alan S. Trust, United States Bankruptcy Judge, Eastern District of New York, at the Courthouse located at 290 Federal Plaza, Central Islip, New York, Room 760, on **February 21, 2018 at 10:00 a.m.,** or as soon thereafter as counsel can be heard, for an order pursuant to §§105(a), 305(a) and 1112(b) of title 11 of the United States Code, and Rule 1017 of the Federal Rules of Bankruptcy Procedures, authorizing the dismissal of the Debtor's chapter 11 case.

**PLEASE TAKE FURTHER NOTICE,** that objections must be made in writing and filed with the Court and served upon the Debtor so as to be received no later than **February 14, 2018 at 4:00 p.m.**

Dated: January 16, 2018
       Islandia, New York

MACCO & STERN, LLP
Attorneys for the Debtor-In-Possession

By: _____
Michael J. Macco
A Member of the Firm
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

TANJU NUREL,

                Debtor.
-----------------------------------------------------------X

Index No. 17-71200 (AST)

Chapter 11

## MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 CASE

Tanju Nurel (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through his counsel, Macco & Stern, LLP, hereby submits this motion (the "Motion") for an order pursuant to §§105(a), 305(a) and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1017(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), authorizing the dismissal of the Debtor's chapter 11 case and represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334, and the Standing Order of the United States District Court for the Eastern District of New York, dated December 5, 2012 (Amon, C.J.). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§105(a), 305(a) and 1112(b) and Bankruptcy Rule 1017(a).

### PROCEDURAL BACKGROUND

2. Since 1994, the Debtor has leased non-residential real property located at, and known as, 226 East Montauk Highway, Hampton Bays, NY 11946 (the "Real Property") from the 226 East Montauk Highway Corp. (the "Landlord").

3. On or about May 11, 2011, Debtor and Landlord renegotiated the terms of leasing the Real Property and entered into a new written lease agreement (the "Lease"), whereby Debtor agreed to lease the Real Property from the Landlord for a period of twenty (20) year.

4. Debtor has a fifty (50%) percent interest in Tam-NY, Inc. ("Tam"), a corporation formed under the laws of the State of New York.

5. Since 2000, Debtor has sub-leased the Real Property to Tam pursuant to an oral month-to-month sublease.

6. At all relevant times, Landlord was aware that Tam, and not the Debtor individually, was in possession of the Real Property.

7. On or about September 23, 2016, Landlord filed a non-payment petition in the Southampton Town Justice Court (the "Justice Court"), commencing a non-payment action for unpaid rent due under the Lease, less any amounts owed to the Debtor (the "Cure Amount") entitled *226 East Montauk Highway Corporation v. Tanju Nurel, et al.,* and assigned index number 16-100044 (the "Non-Payment Case").

## PROCEDURAL BACKGROUND

8. On March 2, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9. To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

10. By order (the "First Lift Stay Order"), entered April 27, 2017, the Court modified the Bankruptcy Code §362 automatic stay to permit the Non-Payment Case to continue before the Justice Court to determine the Cure Amount, if any, under the Lease.

11. Due to the subject matter jurisdiction of the Justice Court, the First Lift Stay Order was insufficient to permit the Non-Payment Case to continue.

12. By order (the "Second Lift Stay Order"), entered June 22, 2017, the Court modified the First Lift Stay Order and further modified the Bankruptcy Code §362 automatic stay to permit the Non-Payment Case to continue before the Justice Court to determine the Cure Amount, if any, under the Lease, while also permitting the Justice Court to issue a warrant of eviction and judgment of possession, which would be stayed until further order of the Court.

13. By order (the "First Extension Order"), entered June 27, 2017, the Court extended the Debtor's time to assume or reject unexpired leases until August 9, 2017.

14. By order (the "Second Extension Order"), dated August 9, 2017, the Court further extended the Debtor's time to assume or reject unexpired leases until September 22, 2017 (the "Assumption Deadline").

15. The Justice Court scheduled a trial to determine the Cure Amount, if any, under the Lease in the Non-Payment Case for September 8, 2017.

16. On August 15, 2017, the Debtor filed a motion (the "Assumption Motion") to assume the Lease.

17. On September 8, 2017, the parties appeared before the Justice Court and commenced the trial, which was adjourned until September 11, 2017.

18. On September 9, 2017, the Justice Court *sua sponte* adjourned the Non-Payment Case until September 19, 2017.

19. On September 18, 2017, the Court *sua sponte* adjourned the Assumption Motion until September 25, 2017, a date after the deadline under the Second Extension Order.

20. On September 19, 2017, the Justice Court *sua sponte* adjourned the Non-Payment Case until September 20, 2017.

21. On September 20, 2017, the parties appeared before the Justice Court and continued the trial.

22. At that time, the Justice Court advised the parties that the Non-Payment Case could not continue into the afternoon due to the lack of sufficient personnel and adjourned the Non-Payment Case until the next available date, December 20, 2017 (the "Trial Date").

23. On September 21, 2017, the Debtor appeared before the Court and requested additional time to continue and complete the Justice Court Action on the Trial Date.

24. By oral decision (the "Oral Decision"), the Court: (1) adjourned this Assumption Motion; (2) ordered that the Assumption Motion be supplemented on or before October 18, 2017; and (3) established briefing deadlines for arguments pursuant to Bankruptcy Code §365(d).

25. On October 10, 2017, Landlord filed a motion to reject the Lease as a matter of law (the "Rejection Motion").

26. On October 11, 2017 Debtor supplemented the Assumption Motion (as supplemented, the "Assumption Motion").

27. By the order (the "Scheduling Order"), entered October 24, 2017, the Court memorialized the deadlines established in the Oral Decision.

28. On November 15, 2017, Debtor filed its brief (the "Assumption Brief") in support of the Assumption Motion.

29. On December 5, 2017, Landlord filed its opposition (the "Assumption Opposition") to the Assumption Brief.

30. On December 20, 2017, Debtor filed its reply (the "Assumption Reply") to the Assumption Opposition.

31. On December 20, 2017, the Justice Court continued the non-payment case and determined that the Debtor was in arrears under the Lease in the amount of $392,000 (the "Cure Amount").

## RELIEF REQUESTED

32. Bankruptcy Code §105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]". 11 U.S.C. §105(a).

33. Bankruptcy Code §305(a) provides, in pertinent part, that "[t]he court, after notice and a hearing, may dismiss a case under [the Bankruptcy Code} . . . at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. §305(a)(1).

34. Bankruptcy Code §1112(b) provides that "on request of a part in interest, and after notice and a hearing, the court shall convert a case under [chapter 11] . . . to a case under chapter 7 or dismiss a [chapter 11] case, whichever is in the best interest of creditors and the estate, for cause . . . ." 11 U.S.C. §1112(b)(1).

35. At this time, the Debtor wishes to dismiss his chapter 11 bankruptcy proceeding.

36. The purpose of the Debtor's chapter 11 bankruptcy was to fix the Cure Amount, assume the Lease, and pay Debtor's general unsecured creditors one-hundred percent (100%) on the dollar.

37. However, the Debtor has insignificant funds to pay the Cure Amount and assume the Lease.

38. Without an assumption the Lease, Debtor can no longer operate Tam-NY and generate income.

39. Therefore, given the Debtor's inability to effectively reorganize, the Debtor believes that a dismissal of his chapter 11 bankruptcy case in in the best interests of the Debtor, his creditors, and the estate

40. Debtor will re-commence making regular monthly payments to his general unsecured creditors, and, if the Debtor defaults, all creditors would be allowed to pursue their State Court remedies.

41. Dismissal of the Debtor's Chapter 11 Case will eliminate the accrual of any administrative fees and expenses associated with a chapter 11 plan of liquidation and bring closure to this case in a timely and efficient manner.

42. Furthermore, the Debtor does not believe that, in light of the lack of other assets and significant debt, a conversion of to a chapter 7 case is in the best interests of the creditors or the estate due to the additional level of unnecessary administrative fees and expenses associated with the chapter 7 trustee as the Debtor is not seeking a discharge from these pre-Petition Date obligations.

43. Based on the foregoing, the Debtor, in his business judgment, has determined that a dismissal of the chapter 11 case is in the best interests of the Debtor, its creditors, and the estate.

## **CONCLUSION**

44. No previous request for the relief requested herein has been made to this or any other Court.

45. Notice of this Motion has been served upon: (1) the Office of the United States Trustee; (2) the Claimant; and (3) all creditors and parties in interest.

**WHEREFORE,** Debtor respectfully requests that this Court enter an order dismissing the Debtor's Chapter 11 Case, and granting such other and further relief as this Court deems just and proper.

Dated: January 16 2018
      Islandia, New York

MACCO & STERN, LLP
Attorneys for the Debtor-In-Possession

By: _____
Michael J. Macco
Cooper J. Macco
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                          Chapter 11
    TANJU NUREL
                                                      Case No.: 17-71200-ast

                         Debtor.
-----------------------------------------------------------X  **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
COUNTY OF SUFFOLK    ):ss

    Carol Smith, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age, and resides in West Islip, New York.

    On January 17, 2018, deponent served the within:

### NOTICE OF HEARING TO CONSIDER MOTION
### TO DISMISS THE DEBTOR'S CHAPTER 11 CASE

upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY 11722

All creditors and parties in interest
(see attached)

                                                                    Carol Smith

Sworn to before me this
17th day of January, 2018

/s/ *Loni Bragin*
    Notary Public
Loni Bragin
Notary Public, State of New York
No. 01BR6172194
Qualified in Suffolk County
Commission Expires August 6, 2018

```
Label Matrix for local noticing        226 East Montauk Highway Corporation    Capital One N.A.
0207-8                                 427 East 74th Street                    c/o Ascension Capital Group
Case 8-17-71200-ast                    New York, NY 10021-3999                 P.O. Box 165028
Eastern District of New York                                                   Irving, TX 75016-5028
Central Islip
Wed Jan 17 09:29:01 EST 2018

Deutsche Bank National Trust Company   Synchrony Bank c/o PRA Receivables Managemen  290 Federal Plaza
Robertson, Anschutz, & Schneid, P.L.   PO Box 41021                            Central Islip, NY 11722-4437
6409 Congress Avenue,                  Norfolk, VA 23541-1021
Suite 100
Boca Raton, FL 33487-2853


226 East Montauk Highway               226 East Montauk Highway Corporation    226 East Montauk Highway Corporation
Corporation                            Meltzer Lippe et al.                    Meltzer, Lippe, Goldstein & Breitstone,
427 E. 74th Street                     190 Willis Ave.                         Thomas J. McGowan, Esq.
New York, NY 10021-3999                Mineola, NY 11501-2672                  190 Willis Avenue
                                                                               Mineola, New York 11501-2643


Adam Kaya                              Adem Altintoprak                        Alpay Ilgaz
18 West End Avenue                     294 Fir Grove Road                      12 Old Manor Road
Shirley, NY 11967-1718                 Ronkonkoma, NY 11779-4816               Eastport, NY 11941-1406



American InfoSource LP as agent for    Capital One                             Capital One Bank (USA), N.A.
T Mobile/T-Mobile USA Inc              PO Box 71083                            PO Box 71083
PO Box 248848                          Charlotte, NC 28272-1083                Charlotte, NC 28272-1083
Oklahoma City, OK 73124-8848



Capital One N.A.                       Capital One, N.A.                       Citibank
P.O. Box 165028                        PO Box 105385                           PO Box 44167
Irving, TX 75016-5028                  Atlanta, GA 30348-5385                  Jacksonville, FL 32231-4167



Deutsche Bank National Trust Company   Discover                                Discover Bank
c/o Ocwen Loan Servicing LLC           PO Box 71084                            Discover Products Inc
Attn: Bankruptcy Dept.                 Charlotte, NC 28272-1084                PO Box 3025
P.O. Box 24605                                                                 New Albany, OH 43054-3025
West Palm Beach, FL 33416-4605


Home Depot Credit                      Karen Johnston                          Meltzer Lippe Goldstein
Services                               10 Inlet View Path                      & Breitstone, LLP
PO Box 9001010                         East Moriches, NY 11940-1602            190 Willis Avenue
Louisville, KY 40290-1010                                                      Mineola, NY 11501-2639



Menekse Nurel                          Nissan                                  (p)NISSAN MOTOR ACCEPTANCE CORPORATION
12 Pepi Court                          POB 660366                              LOSS RECOVERY
Hampton Bays, NY 11946-1992            Dallas, TX 75266-0366                   PO BOX 660366
                                                                               DALLAS TX 75266-0366



Nissan Motor Acceptance                Ocwen Loan Servicing LLC                Rushmore Loan Management Services,LLC
PO Box 742658                          PO Box 24738                            Gross Polowy, LLC
Cincinnati, OH 45274-2658              West Palm Beach, FL 33416-4738          1775 Wehrle Drive, Suite 100
                                                                               Williamsville, NY 14221-7093
```

Sharon L. Silver, Esq.  
1930 Veterans Mem. Hywy Suite 7  
Islandia, NY 11749-1599

Synchrony Bank  
c/o PRA Receivables Management, LLC  
PO Box 41021  
Norfolk, VA 23541-1021

United States Trustee  
Long Island Federal Courthouse  
560 Federal Plaza - Room 560  
Central Islip, NY 11722-4456

Michael J Macco  
Macco & Stern LLP  
2950 Express Drive South  
Suite 109  
Islandia, NY 11749-1412

Sharon L Silver  
1930 Veterans Memorial Highway  
Suite 7  
Islandia, NY 11749-1599

Tanju Nurel  
12 Pepi Court  
Hampton Bays, NY 11946-1992

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Nissan Motor Acceptance  
Corporation  
PO Box 371447  
Pittsburgh, PA 15250

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Rushmore Loan Management Services, LLC

(d)226 East Montauk  
Highway Corporation  
427 East 74th Street  
New York, NY 10021-3999

(d)Capital One N.A.  
c/o Ascension Capital Group  
P.O. Box 165028  
Irving, TX 75016-5028

(d)Deutsche Bank National Trust Company  
Robertson, Anschutz & Schneid P.L.  
6409 Congress Avenue, Suite 100  
Boca Raton, FL 33487-2853

End of Label Matrix  
Mailable recipients    35  
Bypassed recipients     4  
Total                  39