LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

TELEPHONE: (516) 747-0300

FACSIMILE: (516) 747-0653

INTERNET: www.meltzerlippe.com

*Video Conference Facilities*

January 22, 2018

<u>Via ECF</u>

Honorable Alan S. Trust
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

Re:   **In re Tanju Nurel**
       **Case No.: 8-17-71200-ast**

Dear Judge Trust:

We are counsel to 226 East Montauk Highway Corporation, the Landlord to the Debtor. We write to respectfully request that the Court sign the proposed Order accompanying this letter which is being settled on notice to the Debtor's counsel and the Office of the United States Trustee. The proposed Order would clarify that the prior Order of this Court vacating the automatic stay accorded the Debtor to allow the Southampton Justice Court to issue a warrant of eviction and judgment of possession (in addition to a money judgment representing the rent and additional rent due the Landlord pre-petition) allows the Landlord to immediately execute upon the warrant of eviction and judgment of possession issued by the Justice Court "without stay" and evict the Debtor from the subject premises. **This request is based upon the admission set forth in paragraph 37 of the Debtor's Motion to Dismiss his bankruptcy case filed on January 17th (Docket 92) admitting that he "has insignificant [sic- should be 'insufficient'] funds to pay the Cure Amount and assume the lease"**. The "Cure Amount" determined by the Southampton Justice Court was $392,031.35. A true copy of the Money Judgment and Judgment of Possession and the Warrant of Eviction issued by the Southampton Justice Court is attached to this letter.



MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

Since the Debtor's motion to dismiss and the admission that the Debtor cannot pay the Cure Amount to assume the lease upon which it is based renders the Debtor's motion to assume the lease a nullity whose continuation would be legally frivolous, the Landlord also requests that the Court extend the parties' time to comply with the Contested Matter Scheduling Order it issued (Docket 80) relating to the Motion to Assume that requires the parties to expend significant time (and money) to prepare trial testimony by affidavits, exchanging trial exhibits etc. if the Debtor does not immediately confirm that the motion to assume the lease is being withdrawn as moot in light of the motion to dismiss this case in response to this filing.

Respectfully submitted,

Thomas J. McGowan

TJM:dlf

cc: Alfred M. Dimino, Esq.
    Cooper Macco, Esq.
    (Via email)