UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

    TANJU NUREL,                       Chapter 11

                 Debtor.       Case No.: 8-17-71200 (ast)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE OF 226 EAST MONTAUK HIGHWAY CORP. TO THE
DEBTOR'S MOTION TO DISMISSS HIS BANKRUPTCY CASE**

226 East Montauk Highway Corp. (the "Landlord") by its counsel, Meltzer, Lippe, Goldstein & Breitstone, LLP sets forth the following as and for its response to the Debtor's motion to dismiss his bankruptcy case:

1. As the Court is well aware, the Debtor filed numerous motions and several actions in this Court, the New York State Supreme Court, Suffolk County and with the Southampton Justice Court; all with the intent and purpose to frivolously delay as long as possible the eviction of the Debtor from the leased premises at issue.

2. As the Court is also aware, the Southampton Justice Court issued a Money Judgment and Judgment of Possession in favor of the Landlord in the sum of $392,031.35 for the rent and additional rent due the Landlord by the Debtor for the pre-petition period and issued a Warrant of Eviction without stay. (Docket 94). The amount awarded the Landlord is the exact same amount that the Landlord claimed was due in its proof of claim filed with this Court.

3. The Court will also undoubtedly recall, and the docket reflects, that the Landlord successfully moved to lift the automatic stay accorded the Debtor to pursue the non-

payment proceeding in the Southampton Justice Court. (Docket 27 and 49). The balance of the Landlord's motion to lift the automatic stay was adjourned until Wednesday, February 21, 2018 as noted on the docket of this case on September 25, 2017.

4. Since the Debtor has moved to dismiss his bankruptcy case after the motion to lift the automatic stay was made by the Landlord, the Landlord requests that the Order dismissing the case include a provision pursuant to 11 U.S.C. §109(g)(2) barring the Debtor from re-filing for bankruptcy relief for a period of 180 days from the date the case is dismissed to prevent the Debtor from further delaying his eviction from the leasehold by filing a new bankruptcy case when that eviction is scheduled.

Dated: Mineola, New York
February 12, 2018

Respectfully submitted,
Meltzer Lippe Goldstein & Breitstone, LLP

By: _____
Thomas J. McGowan
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300